```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALAN JOHNSON, | Civil Action No. 08-1752 (MLC) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| GEORGE W. HAYMAN, et al., |  |
| Defendants. |  |

This matter coming before the Court upon Plaintiff's submission of an Amended Complaint, and it appearing that:

1. Plaintiff, a prisoner incarcerated at New Jersey State Prison, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 asserting violation of his constitutional rights under 42 U.S.C. § 1983.  By Order and Judgment entered November 10, 2008, the Court, inter alia, dismissed the Complaint, without prejudice to the submission for the Court's review of a proposed amended complaint within 30 days of the date of the entry of the Order.

2. In the Opinion accompanying the Order, the Court found the following deficiencies in the Complaint: (a) the due process claim failed because Plaintiff was not deprived of a protected liberty interest; (b) the access to courts claim failed because Plaintiff's allegations did not assert actual injury, failed to describe the underlying arguable lost remedy to show that the claim was not frivolous, and failed to adequately show that Plaintiff had no other remedy to compensate him for his allegedly

lost claim; (c) the Eighth Amendment failure to protect claim failed because Plaintiff's allegations did not satisfy the objective or the subjective prongs under the Eighth Amendment; and (d) the First Amendment retaliation claim failed because Plaintiff's allegations did not adequately show adverse action and causal link.

3. The Court must dismiss a civil action brought by a prisoner who is proceeding in forma pauperis if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

4. The Supreme Court recently refined the "failure to state a claim" standard in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). "In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 1949. The Court emphasized that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948.

Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles in reviewing the sufficiency of a complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50 (citations omitted).

5. On December 23, 2008, the Clerk received Plaintiff's proposed amended complaint (15 pages) dated November 25, 2008, supporting letter brief (seven pages), and several exhibits. The Amended Complaint seeks to assert three claims: access to courts, Eighth Amendment failure to protect, and First Amendment retaliation.

6.  The Court finds that dismissal of the Amended Complaint is required because it does not cure the deficiencies in the original Complaint.

7.  As in the Complaint, the access to courts claim asserted in the Amended Complaint fails to state a claim.  Plaintiff again asserts that he had a legitimate non-frivolous legal claim regarding an appeal to the New Jersey Appellate Division of a decision classifying Plaintiff to the Management Control Unit which lost because certain officials confiscated his legal materials on one occasion in 2007.  However, like the Complaint, the Amended Complaint does "not specify facts demonstrating that the claims were nonfrivolous."  Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008).  Nor does the Amended Complaint demonstrate that Plaintiff has no other remedy to compensate him for his lost appeal.  For example, documents attached to the Amended Complaint show that the MCU Committee reviews Plaintiff's placement approximately every three months.  See also N.J.A.C. § 10A:5-2.10(a) (formal review of each inmate in MCU shall be made minimum of every three months).  Plaintiff has shown no reason why he is unable to appeal subsequent placement decisions to the Appellate Division.

8.  Similarly, the Amended Complaint fails to correct the Complaint's failure to assert facts adequately showing (a) Plaintiff was incarcerated under conditions posing a substantial

risk of serious harm at the hands of corrections officers or inmates, and (b) each named defendant was deliberately indifferent to this risk.

    9. To satisfy the objective component, Plaintiff asserts in the Amended Complaint that his life was placed in danger when: (a) corrections officer Sgt. Lincoln on several occasions took out of his wallet a newspaper article dated January 21, 1998, which states that Plaintiff is a member of the Aryan Brotherhood gang; (b) defendant Dolce charged Plaintiff in March 2007 with being a member of the Bloods gang; (c) on March 26, 2007, a unnamed member of the Blood gang "loudly deliver[ed] threats to plaintiff" in the presence of corrections officers Nolan and Funderburk (Am. Compl. ¶ 24); and (d) the following incident occurred on an unspecified date:

> [The Blood member] proceeded from his cell with a stinger cord wrap at both ends around his hands approaching plaintiff. Plaintiff grabbed a garbage can as a measure of defense. And before the situation evolved, C/O Funderburk proceeded from the officer's booth with his baton demanding that plaintiff and this inmate both lock back in.

(Am. Compl. ¶ 24.)

    10. Because Plaintiff's allegations in the Amended Complaint fall "short of alleging that the risk to which he was purportedly subjected was substantial," Day v. Fed. Bureau of Prisons, 233 Fed.Appx. 132, 134 (3d Cir. 2007), the Amended

5

Complaint does not satisfy the objective prong of an Eighth Amendment claim.

11.  Nor does the Amended Complaint assert facts showing that each named defendant was deliberately indifferent to the alleged objective risk.

12.  Plaintiff's attempt to state a First Amendment retaliation claim does not correct the deficiencies in the Complaint.  Although Plaintiff repeatedly alleges that defendants took adverse action in retaliation for his sending a letter dated January 5, 2007, to Commissioner George Hayman, the Amended Complaint (like the Complaint) does not set forth facts to support the conclusion that there is a "causal link between the exercise of his constitutional rights and the adverse action taken against him."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  To establish a causal link, the prisoner must show that the "constitutionally protected conduct was 'a substantial or motivating factor'" in the decision to take adverse action. Rauser v. Horn, 341 F.3d 330, 333-34 (3d Cir. 2001) (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).  Also, Plaintiff's numerous letters complaining to prison officials, the governor, and the United States Attorney (attached to the Amended Complaint) show that he has not been deterred from exercising his First Amendment rights.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

6

13.  Plaintiff's attempt to state a retaliation claim in the Amended Complaint fails because his allegations indicate that prison officials "would have made the same decision absent the protected conduct for reasons reasonably related to legitimate penological interest."  Rauser, 241 F.3d at 334; see also Carter v. McGrady, 292 F. 3d 152, 154 (3d Cir. 2002) (retaliation claim fails where prison officials would have disciplined inmate notwithstanding his protected activity); Chidubem v. McGinnis, No. 96-1828, 1997 WL 809958, *1 (6th Cir. Dec. 18, 1997) ("A dispute over whether conduct amounted to a disciplinary infraction is not the equivalent of a false charge").

14. Based on the foregoing, the Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to comply with the Court's Order permitting amendment of the original Complaint.

15.  An appropriate Order and Judgment accompanies this Opinion.

                s/ Mary L. Cooper
                **MARY L. COOPER**
                United States District Judge

Dated:  July 2, 2009